UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 31, 2024

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Johnson, Parrish | Docket No. | 0980 2:23CR00054-RMP-1 |
|---|---|---|---|

**Petition for Action on Conditions of Pretrial Release**

COMES NOW  Erik Carlson, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Parrish Johnson, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge Alexander C. Ekstrom, sitting in the Court at Spokane, Washington, on the 9th day of June 2023, under the following conditions:

**Standard Condition #8:** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**Special Condition #3:** Defendant shall submit to random urinalysis and Breathalyzer testing as directed by the United States Probation/Pretrial Services Office.  Defendant shall refrain from obstructing or attempting to obstruct, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Parrish Johnson is alleged to have violated the conditions of pretrial release supervision by testing positive for the presence of norfentanyl on April 30, 2024.

On April 30, 2024, Mr. Johnson appeared before the Honorable James A. Goeke, after being taken into custody on a warrant previously issued by the Court for alleged violation of pretrial release supervision. Mr. Johnson admitted to the violation and was released with an additional condition of supervision that required him to participate in a substance abuse evaluation and attend any recommended treatment.

Immediately after the hearing on April 30, 2024, Mr. Johnson and the undersigned officer spoke in the presence of defense counsel outside of the courtroom.  During that conversation, Mr. Johnson and the undersigned discussed that he was required to submit to random drug testing at Pioneer Human Services (PHS) as he was participating in the phase urinalysis testing program at that agency. Mr. Johnson advised he had been given approximately four unknown pills by a person while he was on the bus prior to April 18, 2024. He further advised that he last took the unknown pill a couple of days earlier as he was experiencing some pain. Subsequently, the undersigned officer instructed Mr. Johnson to report to the U.S. Probation Office to submit to urinalysis instead of at PHS.

Mr. Johnson reported to the U.S. Probation Office and submitted a urine specimen, in which the results for the presence of fentanyl were inconclusive. The undersigned officer packaged the urine sample and sent it to Alere Toxicology Services, Inc. (Alere) for further analysis.

On or about May 8, 2024, Alere confirmed the above-noted sample tested positive for the presence of norfentanyl, which is a metabolite of fentanyl.

Upon initially reviewing the above-noted laboratory results from Alere, the undersigned officer contacted Mr. Johnson and advised him that the unknown substance he reported ingesting during our conversation on April 30, 2023, appeared to have been fentanyl as his urine specimen tested positive for the presence of norfentanyl. Mr. Johnson stated he had previously discussed this use with his attorney during the hearing that was conducted on April 30, 2024. He stated he wanted to address this use of an unknown substance with the Court at that time; however, he stated defense counsel advised against it at that time.

On May 24, 2024, Mr. Johnson and the undersigned officer had a text message conversation. During that conversation, Mr. Johnson inquired about how the above-noted positive drug test would be addressed by the Court. The undersigned officer advised that the positive test result had yet to be reported to the Court. Mr. Johnson stated that the positive result should not be reported to the Court because he claimed the result was residual from his previous use of fentanyl that was discovered through urinalysis on April 18, 2024, and had already been addressed by the Court (ECF No. 64).

Due to his conflicting explanations of his last use of fentanyl, the undersigned officer has requested that Alere provide an interpretation report to determine if Mr. Johnson ingested fentanyl in between April 18 and 30, 2024. As of the submission of this petition, the undersigned officer has yet to receive the interpretation report from Alere.

**Violation #2:** Parrish Johnson is alleged to have violated the conditions of pretrial release supervision by testing presumptive positive for the presence of fentanyl on May 29, 2024.

On May 29, 2024, Mr. Johnson reported to the U.S. Probation Office and provided a urine specimen that tested presumptive positive for the presence fentanyl. Mr. Johnson signed a substance abuse admission form with the U.S. probation officer who collected the sample, admitting his last use of fentanyl was on or about May 22, 2024. Subsequently, the urine specimen was packaged and sent to Alere Toxicology Services, Inc. (Alere) for further analysis.

On May 30, 2024, the undersigned officer contacted Mr. Johnson to discuss the above-noted presumptive positive test result and signed admission form. Mr. Johnson denied using fentanyl at that time. He reportedly did not know what he was signing. Mr. Johnson claimed he used the date of his last use of May 22, 2024, as a date that was close to his last UA that had been collected. When questioned when his last use of fentanyl occurred, Mr. Johnson stated he could not remember.

As of the submission of this petition, the undersigned officer has yet to receive the laboratory results from Alere.

**Violation #3:** Parrish Johnson is alleged to have violated the conditions of pretrial release supervision by failing to submit to random urinalysis testing at Pioneer Human Services on May 6, 24, and 30, 2024.

On April 25, 2024, the undersigned officer referred Mr. Johnson to the phase urinalysis testing program at Pioneer Human Services (PHS) to determine if he was required to submit to random drug testing, effective April 26, 2024. Mr. Johnson had previously participated in the phase urinalysis testing program while on pretrial release supervision and was instructed to contact the phase urinalysis testing program on a daily basis.

On May 6, 2024, Mr. Johnson failed to report to PHS for random drug testing.

On May 7, 2024, the undersigned officer instructed Mr. Johnson through text messaging to report to the U.S. Probation Office to submit to random drug testing in response to his missed drug test on May 6, 2024. Mr. Johnson stated he did not believe it was enough time for him to test negative as his last urinalysis was collected on April 30, 2024. The undersigned officer again instructed Mr. Johnson to report to the U.S. Probation Office to submit to random drug testing. Subsequently, Mr. Johnson reported to the U.S. probation office on May 7, 2024, and provided a urine specimen that tested negative for illegal controlled substances.

On May 24, 2024, Mr. Johnson failed to report to PHS and submit to random drug testing. It should be noted the undersigned officer advised Mr. Johnson of his requirement to submit to random drug testing on that date through text messaging. Mr. Johnson advised he had submitted a negative drug test at PHS on May 23, 2024, during a substance abuse assessment at that agency. The undersigned officer reminded Mr. Johnson that the phase urinalysis testing program is on a random basis and he was expected to submit to testing on that date.

Currently, Mr. Johnson's locations are being monitored through global positioning systems (GPS) tracking as a condition of pretrial release supervision. The undersigned officer reviewed Mr. Johnson's location on May 24, 2024. According to GPS mapping, Mr. Johnson arrived at the parking lot of PHS on May 24, 2024, at approximately 6:55 p.m. GPS mapping showed Mr. Johnson left the parking lot at PHS on May 24, 2024, at 6:59 p.m. It should be noted PHS is open for random drug testing between 7 a.m. and 7 p.m.

In response to his random drug testing on May 24, 2024, the undersigned officer contacted Mr. Johnson on May 28, 2024, and inquired why he did not submit random drug testing on May 24, 2024. Mr. Johnson stated he went to PHS and the building was closed. Subsequently, the undersigned officer instructed Mr. Johnson to report the U.S. Probation Office on May 28, 2024, by 3:30 p.m., to submit to urinalysis. Mr. Johnson contacted the undersigned later on May 28, 2024, to advise he was unable to get an extended lunch break at work on that date, and could not report for drug testing during business hours. Subsequently, the undersigned officer instructed Mr. Johnson to report to the U.S. Probation Office on May 29, 2024, to submit to random drug testing, in which he did so.

It should be noted, the undersigned officer contacted a staff member at PHS to inquire if the agency closed before 7 p.m. on May 24, 2024. The staff member confirmed PHS was open until 7 p.m. for UA testing. Furthermore, the staff member advised she saw Mr. Johnson walk up to the door of PHS and proceed to walk away. She stated she went outside and saw Mr. Johnson talking to a female in a vehicle. The staff member reported she called out Mr. Johnson's name on two occasions in an effort to get his attention and tell him he could submit to drug testing. However, Mr. Johnson did not respond, then entered the vehicle and left the parking lot at PHS.

On May 30, 2024, the undersigned officer confirmed that Mr. Johnson was required to submit to random drug testing at PHS on that date. Subsequently, the undersigned officer advised Mr. Johnson of his requirement to submit to random drug testing at PHS. Later on May 30, 2024, Mr. Johnson sent the undersigned a text message advising he did not report to PHS for random drug testing because he did not see the point in providing a urine specimen on that date since he provided a presumptive positive result on May 29, 2024.

PRAYING THAT THE COURT WILL ORDER A WARRANT

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 31, 2024

by s/Erik Carlson

Erik Carlson
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this
      petition with the other violations pending before the
      Court.
[x]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

5/31/2024
_____
Date